UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DENNIS FLORER,

                    Plaintiff,

          v.

WILLIAM PECK, et al.,

                    Defendants.

NO. CV-05-5039-EFS

**ORDER DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION AND RULINGS ON
SEVERAL OTHER PENDING MOTIONS**

        On August 23, 2006, the Court conducted a telephonic hearing in the above-captioned case.  Appearing for the hearing were Plaintiff Dennis Florer on his own behalf, and Allison Stanhope on behalf of each named Defendant.  During the telephonic hearing, the Court issued oral rulings on several motions then pending before the Court.  This Order serves to memorialize and supplement those oral rulings.

**A. Plaintiff's Motion for Preliminary Injunction**

    **1. Background**

        On June 16, 2006, the Court issued an Order stated:

    Before considering the merits of Plaintiff's Motion for
    Preliminary Injunctive Relief, the Court must determine whether
    any named defendants are capable of providing the injunctive
    relief sought in Plaintiff's motion.  Because Plaintiff is
    currently housed at [Stafford Creek Corrections Center], and
    the twenty-one names [Washington State Penitentiary] employee-
    Defendants have no control over the day-to-day operations or
    food service at SCCC, the Court limits its jurisdictional

ORDER ~ 1

inquiry to a determination of whether Defendants Cheryl Johnson and/or Brad Simpson, the only statewide DOC employees named in the Supplemental Complaint, have the authority to provide the injunctive relief sought in Plaintiff's motion . . . .

\*          \*          \*          \*

Based on the [parties'] respective submissions, the Court cannot determine what control Ms. Johnson and/or Mr. Simpson have over SCCC's implementation of the state's kosher menu and preparation guidelines.   For this reason, Plaintiff is permitted to take a Federal Rule of Civil Procedure 31 deposition and/or serve interrogatories/requests for production on the Department of Correction for the purpose of determining whether Ms. Johnson, Mr. Simpson, or the people who now fill the positions of "Food Manager" and "Food Program Consultant," have the authority to require DOC employees at SCCC to implement the relief requested in Plaintiff's Motion for Preliminary Injunction . . . .

Thereafter, the parties are each permitted to file and serve supplemental memoranda that explain their respective positions on whether Ms. Johnson, Mr. Simpson, or the DOC employees who now fill their former positions have authority to require DOC employees at SCCC to implement te relief requested in Plaintiff's Motion for Preliminary Injunction . . . .   These supplemental memoranda must be filed and serve no later than August 9, 2006, Then, on August 22, 2006, the Court will conduct a telephonic hearing, during which the Court will hear argument on (1) whether it has jurisdiction over any Defendant capable of providing the injunctive relief requested by Plaintiff and (2) the merits of Plaintiff's Motion for Preliminary Injunction.

(Ct. Rec. 179 at 10-11.)

On August 9 and 14, 2006, the Court received Defendants' and Plaintiff's respective supplemental memoranda (Ct. Recs. 235 & 243).   In addition, on August 18, 2006, the Court received a response to Defendants' supplemental memorandum from Plaintiff.

### 2. Plaintiff's Voluntary Removal from the Kosher Diet Program

In their supplemental memorandum, Defendants inform the Court that Plaintiff voluntarily removed himself from the DOC's kosher diet program

ORDER ~ 2

on April 19, 2006, and that pursuant to DOC policy, Plaintiff is not permitted to return to the DOC's kosher diet program for six months, which, in this case would be October 19, 2006. (Ct. Rec. 235 Ex. 1 ¶ 6.) Because Plaintiff is not currently participating in the DOC's kosher diet program, Defendants argue that the Court's ruling on Plaintiff's Motion for Preliminary Injunction would have no affect on Plaintiff and for this reason, the motion should be denied as moot.  The Court disagrees with Defendants' position.  Plaintiff is eligible to return to the kosher diet program in less than two months.  Thus, a favorable ruling on his Motion for Preliminary Injunction could and will likely affect Plaintiff.  For this reason, Plaintiff's Motion for Preliminary Injunction is not moot, as suggested by Defendants.

**3.  Does the Court Have Jurisdiction Over Any Defendant Capable of Providing the Injunctive Relief Requested by Plaintiff?**

For the reasons outlined below, the Court concludes it has jurisdiction over the DOC's Food Program Manager and that this person is capable of providing some of the injunctive relief sought by Plaintiff.

**1. Brad Simpson/Food Program Consultant**

Mr. Simpson is no longer the DOC's Food Program Consultant, but instead works as a Food Manager 4 at the Washington Corrections Center. (Ct. Rec. 235 Ex. 2 ¶ 4.)  Furthermore, the Food Program Consultant position no longer exists. *Id.*  For these reasons, neither Mr. Simpson, nor the "new" Food Program Consultant, are in a position to provide Plaintiff with the injunctive relief he now seeks at SCCC.

///

///

ORDER ~ 3

## 2. Cheryl Johnson/Food Program Manager

Ms. Johnson left the position of Food Program Manager on June 30, 2006, and is no longer employed by the DOC. *Id.* Ex. 3 ¶ 2. For this reason, Ms. Johnson is unable to provide the injunctive relief sought by Plaintiff. Nevertheless, the Court must determine whether the new Food Program Manager is in a position to provide Plaintiff with the injunctive relief Plaintiff now seeks.[1]

In a declaration attached to Defendants' supplemental memorandum, Ms. Johnson provides the following information regarding the DOC's Food Program Manager ("FPM") position:

(1) The FPM plans the DOC's menus, including the DOC's three week kosher menu;

(2) Each DOC institution, including the SCCC is instructed by the facility Superintendent or Associate Superintendent to follow the three week kosher menu cycle. However, each institution may make adjustments to the kosher menu if certain menu items are not available;

(3) The FPM is not authorized to compel compliance with the DOC's kosher menu in the event an institution's food service employees do not comply with the DOC's kosher menu;

---

[1] On July 21, 2006, the Court permitted Plaintiff to make the following change to his Prayer for Relief: Change the current language of "I. Cheryl Johnson and Brad Simpson" to read "I. Cheryl Johnson and Brad Simpson or Whoever Currently Holds their Former Positions of Food Program Manager and Food Program Consultant". (Ct. Rec. 216.)

ORDER ~ 4

(4) The FPM's authority extends to investigating allegations that particular facilities are not complying with the DOC's kosher menu and informing the facilities' Superintendent or Associate Superintendent when the kosher menu is not being adhered to;

(5) The FPM has the authority to determine whether a supplemental snack should be added to the kosher menu, but does not have the authority to order a supplemental snack for particular inmates;

(6) Although the FPM designs the menus used during Jewish High Holy Days, the FPM does not have the authority to determine if a specific inmate should be permitted to participate in the religious observance of those days - this is a decision for the facility's chaplain; and

(7) Although the FPM may recommend the hiring of additional food service personnel, the FPM has no authority to hire the additional personnel if the hirings would require additional funds - there are decisions for a "higher executive level within DOC." *Id.* ¶¶ 3-9.

In light of the FPM's limited responsibilities and authority, it is evident that the new FPM is incapable of providing all of the injunctive relief requested by Plaintiff.  If each injunctive relief request were granted, the Court could order the FPM to develop and distribute a new kosher menu, but could not ensure the menu's implementation at SCCC. Thus, because the Court does not have jurisdiction over any SCCC employees, the Court is limited to ordering only that injunctive relief the FPM is capable of providing, i.e. menu changes.  Specifically, the Court finds it is in a position to order, if the Court finds Plaintiff is so entitled, the FPM to provide the following limited injunctive

ORDER ~ 5

relief, but none of the other requested relief, e.g. new preparation
procedures, required implementation of new menus by SCCC employees, etc.:

    (1) Cheese: Add one slice of cheese to the daily DOC menu;

    (2) Holy Day Fasts: Amend the kosher fast sack menu in the ways
requested by Plaintiff;

    (3) Pesach (Passover): Amend the Passover menu in the ways requested
by Plaintiff;

    (4) Three Phase Program: Amend the DOC three week kosher menu in the
ways requested by Plaintiff; and

    (5) Supplemental Snack: Add the supplemental snacks requested by
Plaintiff to the kosher menu.

    **4. The Merits of Plaintiff's Motion for Preliminary Injunction**

    Although the FPM is capable for providing a portion of the
injunctive relief sought by Plaintiff, the Court nevertheless denies
Plaintiff's Motion for Preliminary Injunction for the reasons stated on
the record and summarized below.

    To obtain injunctive relief, a party must satisfy either the
"traditional" or "alternative" standard for injunctive relief. *Cassim v.
Bowen*, 824 F.3d 791, 795 (9th Cir. 1987). Under the traditional
standard, a court may grant preliminary injunctive relief if it finds (1)
the moving party will suffer irreparable injury if the relief is denied;
(2) the moving party will probably prevail on the merits; (3) the balance
of potential harm favors the moving party; and (4) the public interest
favors granting relief. *Id.* (citation omitted).

    In contrast, under the alternative standard, to obtain preliminary
injunctive relief, a moving party need only demonstrate "(1) a likelihood

of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004) (citing *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). The two options provided under the alternative standard "represent extremes of a single continuum, rather than two separate tests. Thus, [under the alternative standard,] the greater the relative hardship to [the party], the less probability of success must be shown." *Id.* (citing *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999)).

In his Motion for Preliminary Injunction, Plaintiff claims he will continue being hungry, depressed, discouraged, stressed, and severely under weight if his three-phase kosher program is not implemented and an additional piece of cheese is not added back to his meals. Although Plaintiff recites numerous instances where he believes his meals were nutritiously inadequate and claims he is under weight, he provides no evidence, aside from his own assertions, to support either assertion. Plaintiff is just over six foot tall and weighs 180 pounds, which is only ten pounds less than what he weighed in the Spring of 2004, when he began eating a kosher diet. Meanwhile, Defendants provide evidence that its kosher menu is nutritiously sound and offers Plaintiff 2800-3200 calories each day.

Because Plaintiff has failed to submit anything more than his own assertions to support his claim he will be irreparably harmed if the Court does not grant him a preliminary injunction, the Court finds Plaintiff has failed to establish the first element of the traditional

standard for injunctive relief. *See Cassim*, 824 F.3d at 795 (The moving party must show he will suffer irreparable injury if the requested injunctive relief is denied.).    Furthermore, Plaintiff presented insufficient evidence to demonstrate a likelihood that he will succeed on the merits of his claim that the kosher menu violates his First Amendment rights or is nutritionally deficient.  In addition, due to the large amount of resources that would be required to grant the injunctive relief requested, the Court finds the public's interest does not favor the requested relief or that the balance of harms tips in Plaintiff's favor.    Thus, the third and forth elements of the traditional standard for injunctive relief have not been satisfied by Plaintiff either. *Id.* (The balance of potential harm favors the moving party and the public interest favors granting relief.).

Furthermore, because Plaintiff failed to offer any evidence he will be irreparably injured if the requested injunctive relief is not entered at this time and the Court finds the balance of hardships tips in the State's favor, the Court concludes Plaintiff failed to demonstrate he is entitled to relief under the alternative standard as well. *See Nike, Inc.*, 379 F.3d at 580.  Accordingly, the Court denies Plaintiff's request for preliminary injunctive relief.

**B. Plaintiff's Motion for Appointment of a Rabbi & Plaintiff's Motion for Appointment of a Dietician and a Nutritionist**

The Court denies Plaintiff's Motion for Appointment of Rabbi (Ct. Rec. 187) and denies Plaintiff's Motion for Appointment of a Dietician and a Nutritionist (Ct. Rec. 182).  At this point in the case, virtually no discovery has been done and therefore none provided which supports

these motions.  Additionally, the voluminous material submitted by the Plaintiff often contains statements attributed to officers and employees of the Department of Corrections which were allegedly made during informal conversations and not in depositions nor in response to interrogatories.  This same voluminous material does not make clear why the appointment of these three experts, one on nutrition, one on diets, and the third on the preparation of kosher food, is necessary at this time.  On the current record, the Court finds that Plaintiff has not made a showing sufficient to justify the appointment of the requested experts. However, as discovery proceeds, if Plaintiff wishes to renew his motions based on evidence produced during discovery, then he may do so, but on the record as it exists, the motions are denied.

**C. Plaintiff's Motion to Stay the Expert Disclosure Deadlines**

On July 3, 2006, the Court received a motion from Plaintiff requesting a stay of the Scheduling Order's expert disclosure deadlines while the above-described expert appointment motions were pending. (Ct. Rec. 192.)  Plaintiff's July 3, 2006, motion was purportedly signed by Plaintiff on June 29, 2006. *Id.*  Due to the nature of issues presented in Plaintiff's expert appointment motions, the Court finds good cause existed to stay the expert disclosure deadlines while Plaintiff's expert appointment motions were pending.  For this reason, the expert disclosure deadlines are extended by eight weeks, which equals the amount of time Plaintiff's expert appointment motions were pending.  However, because the new expert disclosure deadlines fall beyond the current discovery cutoff and are impermissibly close to the current pretrial conference and

trial dates, the Court strikes the original Scheduling Order and enters the Amended Scheduling Order set forth at the conclusion of this Order.

**E. Plaintiff's Motion to Depose Food Manager Jay Jackson**

On August 3, 2006, Plaintiff moved the Court for permission to conduct a Federal Rule of Civil Procedure 30 deposition of SCCC Food Manager Jay Jackson. (Ct. Rec. 230.)  Defendants have no objection to Plaintiff's request to depose Mr. Jackson so long as all required deposition procedures are followed. (Ct. Rec. 238 at 3.)  Pursuant to Federal Rule of Civil Procedure 30(a)(1), Plaintiff is permitted to depose Mr. Jackson.  The deposition shall be tape-recorded and transcribed by defense counsel following the deposition.  A copy of the deposition's transcript, which may be prepared by paralegal employed by the Office of the Attorney General, must be produced to Plaintiff with a copy of the tape-recording no later within thirty days of Mr. Jackson's deposition.  The tape-recording shall be physically marked with the time, date, and place of the deposition, as well as with the name of this case and the deponent.

**F. Plaintiff's Motion to Compel**

On August 3, 2006, Plaintiff moved the Court for an Order compelling supplemental responses to (1) Ms. Johnson's August 23, 2005, Interrogatory and Request for Production, and (2) Mr. Simpson's August 23, 2005, Interrogatory and Request for Production. (Ct. Rec. 225.)

**1. Ms. Johnson's Interrogatory and Request for Production**

In his August 23, 2005, Interrogatory and Request for Production to Ms. Johnson, Plaintiff makes the following request:

> Specify the procedural process of the Department of Corrections [annual pat on the back] available to facility food managers for doing good things with their annual estimating of facility food service requirements, such as the one former CBCC Food Manager Bud Keller received in 2002.  If the specifications are in any documents, produce the documents.

(Ct. Rec. 227 Ex. SS.)

In Defendants' response to Plaintiff's Motion to Compel, defense counsel claims Ms. Johnson is unaware of the award described in Plaintiff's discovery request. (Ct. Rec. 239 at 3.)  For this reason, it appears Ms. Johnson has answered Plaintiff's discovery request to the best of her ability.  Nevertheless, the Court denies Plaintiff's request to compel a supplemental response because the information sought in the discovery request is not reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).  Whether the DOC rewards food managers for meeting budgetary goals is irrelevant to the issues of whether Plaintiff's religious freedoms were violated by the named Defendants while he was housed in the Washington State Penitentiary and/or whether the DOC's current kosher menu constitutionally complies with Jewish dietary laws and nutrition standards.  For this reason and because Plaintiff failed to explain why or how this discovery requested is reasonably calculated to lead to the discovery of admissible evidence, this portion of Plaintiff's Motion to Compel is denied.

### 2. Mr. Simpson's Interrogatory and Request for Production

In his August 23, 2005, Interrogatory and Request for Production to Mr. Simpson, Plaintiff makes the following request:

> Specify the procedural process of the Program Review of CBCC Food Services you conducted in the first quarter of 2005 from your office to CBCC and back to your office.  If the specifications are in any documents, produce the documents.

ORDER ~ 11

(Ct. Rec. 226 at 1.)  In a declaration attached to Defendants' response to Plaintiff's Motion to Compel, Mr. Simpson explains that he does not understand what Plaintiff's request for "Program Review of CBCC food services" means. (Ct. Rec. 239 Ex. 3.)  Nevertheless, Mr. Simpson explains that he did not complete any "quarterly reports" while serving as the Food Program Consultant in 2005.  Accordingly, because no responsive documents exist, this portion of Plaintiff's Motion to Compel is denied.

**G. Plaintiff's Motion to Personally Serve Paul Owens**

On July 20, 2006, Plaintiff moved the Court for an order directing the United States Marshal to serve Defendant Paul Owens with a summons and copy of Plaintiff's Supplemental Complaint. (Ct. Rec. 211.)  On August 15, 2006, Mr. Owens filed an Answer to Plaintiff's Supplemental Complaint, in which no objections to the sufficiency of service of process were raised. (Ct. Rec. 240.)  Because Mr. Owens raised no sufficiency of service of process objections in his Answer, nor filed a motion contesting the sufficiency of service of process prior to filing his Answer, all future objections to the sufficiency of process by Mr. Owens have been waived. FED. R. CIV. P. 12(h)(1)(B).  For this reason, Mr. Owens need not be served with a summons or a copy of Plaintiff's Supplemental Complaint.  Accordingly, Plaintiff's service request is denied as moot.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction **(Ct. Rec. 105)** is **DENIED.**

2.  Plaintiff's Motion for Permanent Injunctive Relief **(Ct. Rec. 105)** is **STRICKEN.**  Whether Plaintiff is entitled to permanent injunctive relief is an issue for trial.

3.  Plaintiff's Motion for Appointment of Rabbi **(Ct. Rec. 187)** is **DENIED.**

4.  Plaintiff's Motion for Appointment of Nutritionist and Dietician **(Ct. Rec. 182)** is **DENIED.**

5.  Plaintiff's Motion to Stay the Expert Disclosure Deadlines **(Ct. Rec. 192)** is **GRANTED.**

6.  Defendants' Motion for a Stay of the Expert Disclosure Deadline **(Ct. Rec. 222)** is **GRANTED.**

7.  Plaintiff's Motion to Depose Food Manager Jay Jackson **(Ct. Rec. 230)** is **GRANTED.**

8.  Plaintiff's Motion to Compel **(Ct. Rec. 225)** is **DENIED.**

9.  Plaintiff's Motion to Personally Serve Paul Owens with Supplemental Complaint **(Ct. Rec. 211)** is **DENIED.**

10. Rule 26(a)(2) Expert Identification and Reports - Parties are warned that failure to timely identify experts and provide reports in accordance with Rule 26 and this scheduling order may result in exclusion of such testimony absent good reason. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005)*.*

a.  Plaintiff shall identify his experts, serve those experts' Rule 26(a)(2) reports on Defendants, and file the Rule 26(a)(2) reports with the Court no later than **October 18, 2006.** Plaintiff shall also provide dates for which those experts can be available for deposition.

b.   Defendants shall identify their experts, serve those experts' Rule 26(a)(2) reports on Plaintiff, and file the Rule 26(a)(2) reports with the Court no later than **November 8, 2006.** Defendants shall also provide dates for which those experts can be available for deposition.

c.   Plaintiff shall identify his rebuttal experts, serve those experts' Rule 26(a)(2) reports on Defendants, and file the Rule 26(a)(2) reports with the Court no later than **November 15, 2006.** Plaintiff shall also provide dates for which those experts can be available for deposition.

11.    All discovery, including depositions and perpetuation depositions, shall be completed by **November 29, 2006** ("Discovery Cutoff"). All interrogatories, requests for production, and requests for admission shall be served on the opposing party no later than 70 days prior to the Discovery Cutoff. All motions for protective orders must be filed and served no later than 40 days prior to the Discovery Cutoff. All motions to compel discovery must be filed and served no later than 30 days prior to the Discovery Cutoff.

12.    **THE PARTIES SHALL FILE NO DISCOVERY EXCEPT THOSE PORTIONS NECESSARY TO SUPPORT MOTIONS OR OBJECTIONS.**

13.    All dispositive and *Daubert* motions shall be **FILED AND SERVED** on or before **December 13, 2006.** Responses to dispositive and *Daubert* motions shall be filed and served within 21 days after service of the motion. The reply of the moving party shall be filed and served 5 days, excluding federal holidays and weekends, after service of the opposing party's response. The parties shall also file a Joint Statement of

Uncontroverted Facts no later than 3 days (excluding federal holidays and weekends) after service of the reply, with a courtesy copy e-mailed to "Sheaorders@waed.uscourts.gov" in WordPerfect or text-only format.

No supplemental responses or supplemental replies to any dispositive or *Daubert* motion may be filed unless the Court grants a motion to file such documents. Contrary to the Local Rules, dispositive and *Daubert* motions shall be noted for hearing at least **45 days** after the date of filing. The parties will receive only one hearing date per month for dispositive motions of up to five issues per party.

**NOTICE - WARNING**: because Plaintiff is proceeding *pro se* in this matter, the Court provides him with the following advisory regarding motions that can result in the dismissal of all or part of his case, *i.e.* "dispositive motions." *See Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988); *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998). Such dispositive motions may be captioned as motions to dismiss or motions for summary judgment, though other captions may also be used.

Generally, the Court must grant a defendant's motion to dismiss for failure to state a claim that is filed under Federal Rule of Civil Procedure 12(b)(6), if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. For dismissal under this standard to be appropriate, there must be either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." While the Court assumes that all of plaintiff's allegations are true when applying this standard, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.

ORDER ~ 15

The Court must grant a summary judgment motion filed under Federal Rule of Civil Procedure 56 when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. This means that, if there is no real dispute about any fact that affects the result of the case and if the moving party is entitled to judgment as a matter of law, the Court will find in favor of the moving party. This will end the case.  When a party makes a motion for summary judgment that is properly supported by declarations or other sworn testimony, the opposing party cannot simply rely on what his complaint or answer says. Instead, the opposing party must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents that contradict the facts shown in the moving party's declarations and documents and show that there is a genuine issue of material fact for trial.  If the opposing party does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered against the opposing party.  Rule 56 sets forth what a party must do in order to oppose a summary judgment motion.  Local Rule 56(a) of the District Court also requires, in addition, that a party include as part of its opposition to a summary judgment motion a statement of material facts. If summary judgment is granted, the case will be dismissed and there will be no trial.

Plaintiff is also advised that **all parties, whether or not represented by an attorney, are responsible for following the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules.  Please take special note of Local Rule 5.1 regarding service and filing of pleadings, Local Rule 7.1 regarding motion**

**practice, especially subsections (f) through (h), and Local Rule 56.1 regarding summary judgment.**

14. Although Motions to Reconsider are disfavored, any Motion to Reconsider shall be filed no later than 10 days after the filing date of the Order which is the subject of the motion, and shall be noted for hearing **without oral argument.** No responses or replies to Motions to Reconsider shall be filed, unless the Court expressly requests responses or replies. The parties shall follow CR 7(h) of the United States District Court **Western District of Washington** local rules. **Motions to Reconsider shall not exceed five pages.**

15. Parties are to comply with Local Rule 7.1(h) when noting motions for hearing, except as modified by this Court for dispositive and *Daubert* motions as set out above. If oral argument is necessary, parties shall contact the Courtroom Deputy at 509-376-7262 to obtain a hearing date and time.

If there is need to have a motion heard on an expedited basis, the party must file a Motion for Expedited Hearing and an accompanying memorandum establishing need for an expedited hearing. The Motion for Expedited Hearing shall be noted for hearing, without oral argument, no sooner than two days after the filing date of the motion, absent good cause shown.

16. Witness/Exhibit lists shall be filed and served and exhibits made available for inspection or copies provided to the parties on or before **January 12, 2007.** For each witness, the witness list shall include a brief description of the witness, a brief summary of the witness' anticipated testimony, whether the witness will be called as an

expert, and any known trial date/time conflicts that witness has.  For each exhibit, the exhibit list shall include a brief description of the exhibit.  Additionally, all exhibits shall be pre-marked; Plaintiffs' exhibits are to be numbered 1-499; Defendant's exhibits shall be numbered 500-999.

Objections to witnesses/exhibits shall be filed and served on or before **January 19, 2007,** AND SHALL BE HEARD AT THE PRETRIAL CONFERENCE. All objections to witnesses shall set forth a legal basis and explanation for the objection.  Objections to an exhibit or the portion to which there are objections, shall be accompanied by a full and complete copy of the exhibit in question and set forth a short legal basis and explanation for the objection.  The party seeking the admission of the witness or exhibit has five days, excluding federal holidays and weekends, to file a response to the opposing party's objection; no reply is to be filed.

17.  Designation of substantive, as opposed to impeachment, deposition or prior testimony to be used at trial shall be highlighted in yellow by Plaintiff or in blue by Defendant in a complete transcript of the deposition or prior testimony and served on or before **January 12, 2007.**  Cross-designations shall be highlighted in yellow by Plaintiff or in blue by Defendant in the transcript containing the opposing party's initial designations and shall be served on or before **January 26, 2007.** All objections to designated deposition or prior testimony and the legal bases for the objections, shall be filed and served on or before **February 2, 2007.**  Any designated deposition or prior testimony objected to shall be underlined in black in a complete yellow/blue highlighted copy of the

deposition/prior testimony transcript described above.  A paper copy of the underlined document shall be filed and served with the objections. The party seeking admission of the testimony has 5 days, excluding federal holidays and weekends, to file a response; no reply is to be filed. If the deposition was videotaped, and the videotape is to be used at trial, the party seeking to use the videotaped deposition shall indicate the relevant portion on both the written transcript and the videotape. Similarly, objections shall be made on the written transcript as explained above along with the applicable time stamp on the video tape noted.  All objections to deposition and prior testimony designations shall be heard and resolved at the pretrial conference.

18.  All unresolved substantive or evidentiary issues that may forseeably arise during trial shall be addressed by **MOTIONS IN LIMINE** to be filed and served on or before **January 19, 2007.**  Such motions will be addressed and resolved at the pretrial conference.

19.  A telephonic pretrial **conference will be held at 10:00 a.m. on February 27, 2007.**

20.  A **JOINT PROPOSED PRETRIAL ORDER** prepared in accordance with Local Rule 16.1(b) shall be filed on or before **February 19, 2007.**  The parties are instructed to e-mail the Pretrial Order, in WordPerfect or text only format, to "Sheaorders@waed.uscourts.gov".

21.  The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above.  In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial.  The parties shall prepare and file a list of all

exhibits which will be admitted without objection no later than **January 19, 2007.**

22.   In accordance with Local Rule 83.1(g), each party shall bring to trial and any other hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing party, and testifying witness, unless it is not possible to do so because of the nature of an exhibit.   Photocopies for these different individuals are to be organized into separate binders by exhibit number.

23.   Trial briefs, requested voir dire, and joint proposed jury instructions shall be filed and served on or before **March 9, 2007.**

The parties' joint proposed jury instructions shall be presented in the following format: (1) "Table of Contents" shall list the proposed instructions by number, brief title/subject-matter, and authority, *i.e.* Ninth Circuit Model Instruction No. ___, statute citation, or case citation; (2) "Section I: Preliminary Instructions" shall include the language of all instructions the parties would like the Court to provide prior to opening statements, including a "statement of the case" and "undisputed facts" instructions.   One instruction per page if possible, with citation to the authority for the instruction; (3) "Section II: Final Instructions" shall include the language for all instructions the parties would like the Court to provide prior to closing arguments.   One instruction per page if possible, with citation to the authority for the instruction; and (4) "Section III: Verdict Form" shall include a proposed verdict form.

The Final Instructions section shall, at a minimum, include instructions regarding the elements of each claim or defense, the relief

sought, and otherwise comply with Local Rule 51.1(c).  If the parties are unable to agree on certain instructions, they are to submit individually proposed jury instructions no later than the date the joint proposed instructions are due.  All individually submitted proposed jury instructions must adhere to the format described above for joint proposed instructions and not include instructions the parties are in agreement on.

    The parties are instructed to e-mail courtesy copies of their joint and individually proposed jury instructions, in WordPerfect or text only format, to "Sheaorders@waed.uscourts.gov".

    Any objections to the opposing party's individually submitted proposed instructions must be filed no later than 5 days, excluding federal holidays and weekends, after the individual proposed instructions were filed.  All objections shall set forth the basis for the objection and briefly explain why the instruction in question should not be used or should be altered.

    24.  The estimated five-day jury trial shall commence at **9:00 a.m.** on **March 19, 2007**, in **Richland**, Washington.  **The parties shall meet with the Court at 8:30 a.m. on the day of trial.**

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this order, and provide a copy to defense counsel and to Plaintiff.

    **DATED** this ___29th___ day of August 2006.


                            ___S/ Edward F. Shea___
                            EDWARD F. SHEA
                            United States District Judge


Q:\Civil\2005\5039.mot.for.prelim.injunction.etc.wpd

ORDER ~ 21