UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DENNIS FLORER,

    Plaintiff,

v.

WILLIAM PECK, *et al.*,

    Defendants.

NO. CV-05-5039-EFS

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO BE PROVIDED ACCESS TO A TYPEWRITER AND MOTION TO EXPEDITE**

Before the Court, without oral argument, is Plaintiff's Motion/Memoranda/Declaration to be Provided Access to a Typewriter (Ct. Rec. 440) and Motion for Expedited Hearing as to Ct. Rec. 447 Per LR 7.1(h)(6) (Ct. Rec. 451). The Court construes Plaintiff's motion to expedite as containing three motions: (1) the motion to expedite itself; (2) a motion for clarification as to the Court's Order on August 20, 2007 (Ct. Rec. 446), which the Court construes as a motion for reconsideration; and (3) a motion to change the September 19, 2007, telephonic status conference to a video conference. After reviewing the submitted materials and relevant authority, the Court is fully informed. The Court grants in part and denies in part Plaintiff's motion to be provided access to a typewriter. The Court grants Plaintiff's motion to expedite, denies Plaintiff's motion for reconsideration, and denies

ORDER ~ 1

Plaintiff's motion to change the September 19, 2007, telephonic status conference to a video conference.  The reasons for the Courts order are set forth below.

**1. <u>Motion to Provide Access to a Typewriter</u>**

Plaintiff initially requested a typewriter for "14 hr. a day 5 days a week," but later amended his request to "6 hors [sic] a day 5 days a week."  (Ct. Rec. 440 at 5; Ct. Rec. 443 at 7.)  Plaintiff seeks a typewriter because he broke a finger in his writing hand in a recent inmate altercation.  (Ct. Rec. 440 at 2.)  Defendant responds that Department of Corrections Policy forbids Plaintiff to possess a typewriter in his cell and that there are no pending motions necessitating typewriter access.  (Ct. Rec. 442 at 2.)

Currently, there is a pending Motion for Reconsideration (Ct. Rec. 448) before the Court.  And there will undoubtedly be future motions filed by Plaintiff necessitating typewriter access. Taking into account Plaintiff's hand injury, Defendants' willingness to allow typewriter access subject to certain restrictions, and Clallam Bay's prison policies, Plaintiff should be allowed typewriter access subject to the following restrictions:

1. Plaintiff must submit an Inmate Kite to Correctional Unit Supervisor Al Moseley requesting typewriter access.

2. Plaintiff is allowed typewriter access one (1) hour per week in the Clallam Bay Correction Center Intensive Management Unit's education room.

ORDER ~ 2

3. Plaintiff must supply his own paper and typewriter ribbon.  These supplies may be mailed to Al Moseley at Clallam Bay Corrections Center, who will insure that they are made available to Plaintiff.

**2. Motion to Expedite**

On September 4, 2007, Plaintiff properly filed a motion to expedite hearing pursuant to Local Rule 7.1(h)(6).  Plaintiff's need for the Court to determine whether he may appear via video conference for the September 17, 2007, scheduling conference is warranted.  Accordingly, Plaintiff's motion to expedite is granted.

**3. Motion for Reconsideration**

Plaintiff requests "clarification as to Ct. Order 446 dismissing 18 def [sic] due to pltf [sic] not explaing [sic] what acts those Def [sic] committed, omitted, or participated in which would constitute individual participation . . . ."  (Ct. Rec. 451 at 3.)  As stated, the Court construes this request as a motion for reconsideration.

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).  A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.; Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

ORDER ~ 3

1   Here, there is no newly discovered evidence, no clear error, and no
2 intervening change in controlling law. Accordingly, Plaintiff's motion
3 for reconsideration is denied.
4 **4. Motion to Change Telephonic Status Conference**
5   Plaintiff moves the Court to change the September 19, 2007,
6 telephonic status conference to a video conference so that "(i) Pltf
7 [sic] will have physical access to his legal documents and (ii) so that
8 the Judge can assess pltf [sic] credibilty [sic] as to severe pain pltf
9 [sic] hands are in." (Ct. Rec. 451 at 3.)
10   The September 19, 2007 telephonic conference is set up to determine
11 a trial date. No motions or matters will be decided that necessitate
12 access to legal documents, so a video conference is unnecessary.
13 Plaintiff's motion to change the telephonic status conference to a video
14 conference is denied.
15 **5. Request to Submit Subsequent Filings Via Typewriter or Computer Only**
16   In his handwritten motion, Plaintiff alleges painful conditions in
17 both his hands, his right hand due to years of work, and his left hand
18 due to injuries suffered when he assaulted another inmate according to
19 the record and invites the Court to order him to discontinue submitting
20 handwritten documents. The Court declines the invitation, finding no
21 medical evidence in the record supporting his inability to write with his
22 hand and voluminous handwritten pleadings in the file. As set out below,
23 restrictions on access to a typewriter will require him to follow his
24 past practice of submitting handwritten pleadings as is commonly done by
25 prisoners in litigation. Finally, to the extent his invitation could be
26 considered a motion, it is denied.

ORDER ~ 4

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion/Memoranda/Declaration to be Provided Access to a Typewriter **(Ct. Rec. 440)** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall be allowed typewriter access subject to the following restrictions:

   A. Plaintiff must submit an Inmate Kite to Correctional Unit Supervisor Al Moseley requesting typewriter access.

   B. Plaintiff is allowed typewriter access one (1) hour per week in the Clallam Bay Correction Center Intensive Management Unit's education room.

   C. Plaintiff must supply his own paper and typewriter ribbon. These supplies may be mailed to Al Moseley at Clallam Bay Corrections Center, who will insure that they are made available to Plaintiff.

2. Plaintiff's Motion for Expedited Hearing as to Ct. Rec. 447 Per LR 7.1(h)(6) **(Ct. Rec. 451)** is **GRANTED IN PART** and **DENIED IN PART**. Within the motion to expedite, it is ordered as follows:

   A. Plaintiff's motion to expedite so the Court may consider whether Plaintiff can appear via video conference is **GRANTED.**

   B. Plaintiff's motion for reconsideration is **DENIED.**

   C. Plaintiff's motion to change the September 19, 2007, telephonic status conference to a video conference is **DENIED.**

3. To the extent Plaintiff's invitation for the Court to order him to discontinue submitting handwritten documents could be considered a motion **(Ct. Rec. 451 at 2)**, it is **DENIED.**

ORDER ~ 5

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, provide a copy to defense counsel and to Plaintiff.

**DATED** this ___6th___ day of September 2007.

                        S/ Edward F. Shea
                            EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2005\5039.Expedite.Etc.wpd

ORDER ~ 6