UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS FLORER,<br><br>             Plaintiff,<br><br>        v.<br><br>WILLIAM PECK, et. al.,<br><br>             Defendants. | NO. CV-05-5039-EFS<br><br>**ORDER ENTERING COURT'S ORAL RULINGS FROM AUGUST 19, 2008 PRETRIAL CONFERENCE** |

A pretrial conference occurred in the above-captioned matter on August 19, 2008, in Richland. Plaintiff Dennis Florer appeared *pro se*; Sara J. Olson, Jason M. Howell, and Peter Berney appeared on behalf of Defendants Diane Benfield and Sean Murphy. Before the Court were several pretrial motions and objections to witness lists, exhibits lists, and deposition designations. This Order serves to memorialize and supplement the Court's oral rulings.

Accordingly, **IT IS HEREBY ORDERED**:

A. Plaintiff's Motions *In Limine* **(Ct. Rec. 507)** are **GRANTED AND DENIED IN PART** as follows:

   1. Prior Convictions: **GRANTED AND DENIED IN PART** for the reasons articulated on the record. Plaintiff stipulated that his 2003

ORDER * 1

conviction for felony hit-and-run and 1999 conviction for attempting to elude are admissible for impeachment purposes. As for Plaintiff's other prior convictions, Federal Rule of Evidence (FRE) 609(a)(1) states that evidence of a crime other than one involving dishonesty or false statement that is punishable by death or imprisonment in excess of one year "shall be admitted, subject to Rule 403." FED. R. EVID. 609. FRE 403 states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." FED. R. EVID. 403. Courts consider five (5) factors in determining whether FRE 609(a)(1) convictions are admissible:

> (1)  the impeachment value of the prior crime;
>
> (2)  the point in time of the conviction and the witness' subsequent history;
>
> (3)  the similarity between the past crime and the charged crime (or the allegations at issue);
>
> (4)  the importance of the witness' testimony; and
>
> (5)  the importance of the witness' credibility

*United States v. Jimenez,* 214 F.3d 1095, 1098 (9th Cir. 2000).

Plaintiff's 2003 felony conviction for possessing stolen property and 1999 felony conviction for second-degree assault are not admissible under FRE 609(a)(1) because the convictions' probative value for truthfulness are substantially outweighed by the danger of unfair prejudice because a jury could infer that Plaintiff, with three (3) previous felony convictions, is imprisoned on a "three strikes policy" or is considered to be a "lifer," i.e., the worst kind of person. Such inferences are not permissible. Were they the only two convictions, they would be admissible under FRE 609(a)(1).

ORDER ~ 2

Defendants alternatively seek to admit Plaintiff's 2003 conviction for possessing stolen property under FRE 609(a)(2). The Court declines to do so, finding there is not enough evidence to ascertain whether the offense involved an element of deceit or other indicium of a propensity to lie. *See United States v. Foster,* 227 F.3d 1096 (9th Cir. 2000).

    2. Other Cases Against the Department of Corrections (DOC): **GRANTED**. Defendants may not mention Plaintiff's other pending cases with the DOC unless he opens the door to admissibility at trial.

    3. Disciplinary History: **GRANTED IN PART**. Infractions relevant to Plaintiff's claims are admissible; other infractions are not. Defendants may introduce other disciplinary history if Plaintiff opens the door to admissibility at trial.

    4. Extensive Exercise and Flushing Food: **DENIED**.

    5. Application to Plaintiff's Witnesses: **GRANTED**.

    6. Limiting Defendants to One Lawyer for Trial: **DENIED**.

    7. Religious Issues Concerning Diet: **GRANTED**. Religious issues have no bearing on the remaining claims. Exclusion is appropriate.

B. Plaintiff's Objections to Defendants' Witness List **(Ct. Rec. 510)** are **OVERRULED IN PART** as follows:

    1. Sean Murphy: **OVERRULED**. Mr. Murphy is a named defendant and has a right to testify and rebut Plaintiff's retaliation allegation.

    2. Ronald Knight: **OVERRULED**. Mr. Knight was a former Correction Program Manager at Washington State Penitentiary (WSP) during the relevant time frame and has direct knowledge about WSP confinement policies. Cumulative testimony objections shall be addressed at trial.

ORDER * 3

      3. Mark Hill: **OVERRULED**. Mr. Hill participated in Plaintiff's alleged retaliatory cell transfer, making his testimony directly relevant to rebut the retaliation claim.

      4. Donald Zarndt: **OVERRULED**. Mr. Zarndt participated in Plaintiff's alleged retaliatory cell transfer, making his testimony directly relevant to rebut the retaliation claim. Cumulative testimony objections shall be addressed at trial.

      5. Kimberly Kiesz: **OVERRULED**. Ms. Kiesz is WSP's medical record custodian and will be necessary to authenticate exhibits at trial.

      6. Devon Schrum: **OVERRULED**. Ms. Schrum is WSP's grievance officer and will testify that Plaintiff failed to exhaust his administrative remedies regarding his retaliation claim.

      7. Ann Lachney: **OVERRULED**. The Court previously determined Ms. Lachney is qualified to provide expert testimony on the nutritional adequacy of WSP's 2004 kosher diet.

   C. Plaintiff's Objections to Defendants' Designations of Lachney Deposition **(Ct. Rec. 523)** is **OVERRULED AS MOOT**. Deposition designations are necessary only when used in lieu of calling a witness at trial. *See* LR 32.1. Because Ms. Lachney will be testifying in person at trial, her deposition designations - and Plaintiff's objections to those designations - are irrelevant.

   D. Plaintiff's Objections to Defendants' Exhibit List **(Ct. Rec. 511)** are **OVERRULED, SUSTAINED,** and **RESERVED** as follows:

| Exhibit | Ruling |
| --- | --- |
| 500 | Reserved until trial |
| 501 | Overruled |

ORDER * 4

| | |
|---|---|
| 502 | Overruled in Part. The primary encounter reports dated 8/17/04, 9/28/04, and 11/30/04 are relevant and admissible. These entries fall under the FRE 803(4) hearsay exception. |
| 503 | Overruled |
| 504 | Reserved until trial |
| 505 | Reserved until trial |
| 506 | Reserved until trial |
| 507 | Sustained. Exhibit withdrawn. |
| 508 | Overruled |
| 509 | Overruled |
| 510 | Overruled |
| 511 | Overruled |
| 512 | Overruled |
| 513 | Overruled |
| 514 | Overruled in Part. Defendants shall redact all non-relevant entries in the prison log. This document falls under the FRE 803(6) hearsay exception. |
| 515 | Overruled |
| 516 | Overruled |
| 517 | No Objection |
| 518-532 | Exhibits Withdrawn |
| 533-538 | No Objections |
| 539 | Exhibit Withdrawn |
| 540 | Exhibit Withdrawn |
| 541 | No Objection |
| 542 | No Objection |
| 543 | Attachments Withdrawn |
| 544 | Attachments Withdrawn |

ORDER * 5

E. Plaintiff's Motion for Issuance of Subpoenas **(Ct. Rec. 521)** is **GRANTED AND DENIED IN PART** as follows:

   1. Cheryl Johnson: **DENIED.** Defendants represent that no subpoena is needed.

   2. Cliff Stallings: **DENIED.** Neither party can locate a current address for Mr. Stallings.

   3. Robert Mitchell: **GRANTED IN PART.** The Court shall issue a subpoena to Mr. Mitchell once Plaintiff identifies the day Mr. Mitchell will testify.

   4. Steve Henderson: **DENIED.** The Court previously concluded Mr. Henderson will not be permitted to testify.

   5. Jimi Hamilton: **DENIED.** Defendants represent that no subpoena is needed.

   6. Roland Pitre: **DENIED.** Defendants represent that no subpoena is needed.

   7. Don Coots: **GRANTED IN PART.** The Court shall issue a subpoena once Plaintiff identifies Mr. Coots' current address and the day he will testify.

   8. Larry Hargrove: **DENIED** for the reasons articulated on the record.

   9. Diane Benfield: **DENIED.** Defendants represent that no subpoena is needed.

   10. Chris McPherren: **GRANTED IN PART.** The Court shall issue a subpoena once Plaintiff identifies Mr. McPherren's current address and the day he will testify.

   11. Keri Robinson: **DENIED** for the reasons articulated on the record.

   12. Keith Powers: **GRANTED.** The Court shall issue a subpoena once Plaintiff identifies Mr. McPherren's current address and the day he will testify.

   13. Patricia Gleason: **DENIED** for the reasons articulated on the record.

   14. Brad Simpson: **DENIED** for the reasons articulated on the record.

 F. Plaintiff's Motion for Reconsideration as to Cheryl Johnson **(Ct. Rec. 494)** is **DENIED** for the reasons articulated on the record.

 G. Plaintiff's Motion for Reconsideration as to Non-Consumable Meals **(Ct. Rec. 496)** is **DENIED** for the reasons articulated on the record.

 H. Defendants' Motions *in Limine* **(Ct. Rec. 502)** are **GRANTED AND DENIED IN PART** as follows:

   1. Compliance with Federal Rules of Civil Procedure: **GRANTED.**

   2. Limiting Evidence to Remaining Claims: **GRANTED.** Plaintiff shall not be permitted to offer testimony or introduce evidence concerning: 1) previously dismissed claims; 2) previously dismissed defendants; 3) WSP's kosher diet outside the relevant time frame (2004 until early 2005); and 4) incidents beyond the alleged June 21, 2004 retaliatory cell transfer.

   3. Eliciting Testimony Consistent with Courtroom Practice: **GRANTED IN PART.** Plaintiff must comply with standard evidence rules except that he may narrate his own testimony when testifying.

   4. Excluding Ann Lachney's Deposition from Evidence: **GRANTED IN PART.** Ms. Lachney's deposition is admissible for impeachment purposes only.

ORDER * 7

      5. Excluding Evidence Suggesting Plaintiff's Criminal Conviction or Sentence is Improper: **GRANTED**.

      6. Settlement Negotiation Evidence: **GRANTED**. Settlement discussions regarding Plaintiff's claims fall within the scope of FRE 408(a) and are properly excluded.

      7. Parties' Financial Conditions: **GRANTED**. The parties' financial conditions are not relevant.

      8. Quality of Legal Resources Available to Parties: **GRANTED**.

      9. Golden Rule: **GRANTED**. Plaintiff is forbidden from asking the jurors to "put themselves in his position."

      10. Decisions Not to Call Witnesses: **GRANTED**.

      11. Evidence Not Disclosed During Discovery: **GRANTED**.

      12. Prior Conviction Admissibility: **GRANTED AND DENIED IN PART**. *See* Section A-1 *supra.*

  I. Defendants' Objections to Plaintiff's Witness List **(Ct. Rec. 504)** are **OVERRULED, SUSTAINED, AND SUSTAINED IN PART** as follows:

      1. Cheryl Johnson: **SUSTAINED IN PART**. Because Plaintiff untimely disclosed Ms. Johnson as an expert, she is permitted to testify only as a fact witness.

      2. Robert Mitchell: **SUSTAINED IN PART**. Because Plaintiff untimely disclosed Mr. Mitchell as an expert, he is permitted to testify only as a fact witness about the physical exam he performed on Plaintiff.

      3. Jimi Hamilton: **SUSTAINED IN PART**. Mr. Hamilton is permitted to testify about Defendant Murphy's character - nothing more.

      4. Roland Pitre: **SUSTAINED IN PART**. Mr. Pitre is permitted to testify about the portion size of Clallum Bay Correction Center's kosher diet - nothing more.

      5. Don Coots: **OVERRULED** for the reasons articulated on the record.

      6. Larry Hargrove: **SUSTAINED**. Defendants will stipulate that they did not keep as-served menus with respect to the kosher diet.

      7. Individuals Listed in Ann Lachney's Report: **SUSTAINED IN PART**. Patricia Gleason, Kerri Robinson, and Brad Simpson shall not be permitted to testify for the reasons articulated on the record. Keith Powers is permitted to testify about WSP's kosher menu portions; Chris McPherren is permitted to testify about the nutritional labeling on WSP's kosher meals.

      8. Cliff Stallings: **SUSTAINED**.

  J. Defendants' Objection to Plaintiff's Designations of Lachney Deposition **(Ct. Rec. 517)** is **SUSTAINED**. Deposition designations are necessary only when used in lieu of calling a witness at trial. *See* LR 32.1. Because Ms. Lachney will be testifying in person at trial, her deposition designations are irrelevant.

  K. Defendants' Objections to Plaintiff's Exhibit List **(Ct. Rec. 518)** are **OVERRULED, SUSTAINED,** and **RESERVED** as follows:

| Exhibit | Ruling |
|---|---|
| 1 | Sustained |
| 2 | Reserved until trial |
| 3 | Sustained |
| 4 | Sustained in Part. Nutrition reports and documents discussing the vegan diet are not admissible |
| 5 | Sustained in Part. Admissible for impeachment purposes only |
| 6 | Sustained in Part. Admissible for impeachment purposes only |

ORDER * 9

| | |
|---|---|
| 7 | Sustained in Part.  Admissible for impeachment purposes only |
| 8 | Sustained in Part.  Admissible for impeachment purposes only |
| 9 | Sustained in Part.  Admissible for impeachment purposes only |
| 10 | No Objection |
| 11 | No Objection |
| 12 | Sustained |
| 13 | Overruled |
| 14 | Overruled |
| 15 | No Objection |
| 16 | Sustained |
| 17 | Sustained |
| 18 | Sustained |
| 19 | Sustained |
| 20 | Overruled |
| 21 | Reserved until trial |
| 22 | Reserved until trial |
| 23 | Reserved in Part until trial. The Military weight table is not relevant and therefore not admissible. |
| 24 | Reserved until trial |
| 25 | Reserved until trial |
| 26 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 27 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |

ORDER * 10

| | |
|---|---|
| 28 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 29 | Sustained |
| 30 | Overruled |
| 31 | Sustained |
| 32 | No Objection |
| 33 | No Objection |
| 34 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 35 | No Objection |
| 36 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 37 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 38 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 39 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 40 | Overruled |
| 41 | Overruled |
| 42 | No Objection |
| 43 | Sustained in Part.  Admissible for impeachment purposes only |

ORDER * 11

| | |
|---|---|
| 44 | Sustained in Part. Admissible for impeachment purposes only |
| 45 | No Objection |
| 46 | Sustained |
| 47 | Sustained in Part. Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 48 | Sustained in Part. Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 49 | Sustained |
| 50 | Sustained, but Plaintiff may request to reintroduce this exhibit at trial. |
| 51 | Sustained |
| 52 | No Objection |
| 53 | Sustained |
| 54 | No Objection |
| 55 | Sustained in Part. Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 56 | The completed exhibit is admissible. |
| 57 | Overruled |
| 58 | Overruled |
| 59 | No Objection |
| 60 | No Objection |
| 61 | Overruled |
| 62 | Overruled |
| 63 | Overruled |

ORDER * 12

| 64 | Sustained.  This exhibit duplicates Defendants' Exhibit 52 |
|---|---|
| 65 | Objection Withdrawn |
| 66 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 67 | Sustained subject to Defendants' stipulation |
| 68 | Sustained |
| 69 | Sustained |
| 70 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 71 | Overruled.  Redacted version is admissible |
| 72 | Exhibit Withdrawn |
| 73 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |
| 74 | Overruled |
| 75 | No Objection |
| 76 | Sustained |
| 77 | Sustained |
| 78 | Sustained |
| 79 | Reserved until trial |
| 80 | Sustained in Part.  Not admissible, but may be used to refresh recollection or read into evidence as a recorded recollection. |

ORDER * 13

L. Defendants shall submit the Joint Proposed Pretrial Order consistent with the Court's pretrial rulings **no later than August 26, 2008.**

M. Plaintiff shall submit a sequential trial witness list to Defendants **no later than August 29, 2008.**

N. Defendants shall submit a sequential trial witness list to Plaintiff **no later than September 5, 2008.**

O. Defendants shall advise Plaintiff's WSP counselor that he is permitted to make photocopies for trial preparation purposes.

P. Defendants shall provide all deposition transcript originals for trial.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this 22nd day of August 2008.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2005\5039.PTC.wpd