UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS FLORER,<br><br>             Plaintiff,<br><br>        v.<br><br>WILLIAM PECK, *et al.*,<br><br>             Defendants. | NO. CV-05-5039-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ON PRETRIAL CONFERENCE EXHIBIT RULINGS** |

Before the Court, without oral argument, is Plaintiff Dennis Florer's Objection to Pretrial Conference Exhibit Rulings on 8/19/08 (Ct. Rec. 583), which the Court liberally construes as a motion for reconsideration. After reviewing the submitted materials and relevant authority, the Court is fully informed and denies Plaintiff's motion. The reasons for the Court's Order are set forth below.

Plaintiff asks the Court to reconsider six (6) exhibit rulings it made at the August 19, 2008 pretrial conference.

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

ORDER ~ 1

an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*; *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff fails to articulate which of the three (3) grounds for reconsideration apply. Because Plaintiff's motion points to no new evidence or intervening change in controlling law, the Court presumes the reconsideration basis is to prevent clear error or manifest injustice.

Plaintiff first argues the Court erred in excluding Exhibit 17, a medical document containing Plaintiff's weight entries during 2005 while incarcerated at Clallam Bay Corrections Center ("CBCC"). This exhibit is irrelevant because Defendants stipulated that Plaintiff weighed 164 pounds when he was transferred from WSP to CBCC in December 2004. Accordingly, proof of Plaintiff's weight from December 2004 on is unnecessary.

Plaintiff next argues the Court erred in excluding Exhibit 29, a document titled "Code of Ethics for the Profession of Dieticians." The ethical canons dieticians are required to follow has no bearing on the nutritional adequacy of WSP's 2004 kosher diet.

Plaintiff then argues the Court erred in excluding Exhibits 67-69, which are three (3) email chains discussing that WSP is required to maintain as-served menus, i.e., log the exact meals served to inmates.

ORDER ~ 2

1    These exhibits are irrelevant because Defendants stipulated that WSP did
2    not maintain as-served menus as required by the Washington Administrative
3    Code.

4    Finally, Plaintiff insists the Court erred in its ruling on
5    Defendants' Exhibit 526. Plaintiff is mistaken because Defendants
6    withdrew this Exhibit so the Court made no ruling. (Ct. Rec. 551 at 5.)

7    After reviewing Plaintiff's objections, the Court finds no clear
8    error or manifest injustice in its pretrial exhibit rulings.

9    Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Objection to Pretrial
10   Conference Exhibit Rulings on 8/19/08 **(Ct. Rec. 583)**, which the Court
11   liberally construes as a motion for reconsideration, is **DENIED**.

12   **IT IS SO ORDERED.** The District Court Executive is directed to enter
13   this Order and provide a copy to defense counsel and to Plaintiff.

14   **DATED** this ___8th___ day of September 2008.

16                    S/ Edward F. Shea
                      EDWARD F. SHEA
17              United States District Judge

18   Q:\Civil\2005\5039.Reconsideration.3.wpd

ORDER ~ 3